IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CIVIL NO. **B-02-181**
(To Be Supplied By Clerk)

United States District Court
Southern District of Texas
FILED

SEP 23 2002

Michael N. Milby
Clerk of Court

ISABEL GONZALEZ,

Plaintiff,

—vs—

FRANK DE LA GRANA, and
LAW OFFICES OF FRANK DE LA GRANA,

Defendants.

CIVIL COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

TO THE HONORABLE COURT:

NOW INTO COURT COMES, the Plaintiff, ISABEL GONZALEZ, appearing herein by and through Pro Se Representation, and hereby files this Civil Complaint for Damages and Jury Trial Demand against the above named defendants for their actions in breaching a contract for legal representation. The plaintiff submits the following in support of this complaint:

——————— § ———————

-1-

# I.

## INTRODUCTION

1.  The plaintiff entered into a contractual relationship with the above named lawyer and his law firm for legal representation in the criminal case pending against the plaintiff.  The plaintiff alleges and will prove that the defendant attorney and law firm breached this contract for representation by failing to provide the agreed upon services and abandoning the plaintiff without being fired or terminated.

——————— § ———————

# II.

## PARTIES

2.  ISABEL GONZALEZ (hereinafter "Gonzalez" or "Plaintiff") is the plaintiff in this civil action.  Gonzalez is a federal prisoner currently incarcerated in the custody of the United States Attorney General and the Bureau of Prisons.  Gonzalez is currently incarcerated at the Federal Correctional Institution in Beaumont, Texas with the following mailing address:

        Isabel Gonzalez
        Reg. No. 94143-079
        P.O. Box 26040 (medium)
        Beaumont, TX 77720

Gonzalez is a citizen of the United States and claims residency and citizenship of the State of Texas.

3.  FRANK DE LA GRANA (hereinafter "De La Grana") is a defendant in this civil action.  De La Grana is alleged to be a

citizen of the State of Florida with the following mailing address:

Frank De La Grana
1710 East Seventh Avenue
Tampa, Florida 33605-3806
(813) 248-0704

4.  LAW OFFICES OF FRANK DE LA GRANA (hereinafter "Law Offices") is a defendant in this civil action.  The Law Offices is alleged to be a business entity with its principal place of business within the State of Florida.  The Law Offices is alleged to be a citizen of the State of Florida for purposes of this suit. Its mailing address is alleged to be at:

Law Offices of Frank De La Grana
1710 East Seventh Avenue
Tampa, Florida 33605-3806
(813) 248-0704

——————— § ———————

## III.

## JURISDICTION & VENUE

5.  This court's jurisdiction is invoked under Title 28, United States Code, Section 1332(a)(1).

6.  The pendent and supplemental jurisdiction of this court is invoked to hear and decide claims arising under state law pursuant to Title 28, United States Code, Section 1367.

7.  The contract for services was initiated, negotiated and executed in this district.  Meetings and phone calls were also made in this district.  Thus, venue is proper in this court under Title 28, United States Code, section 1391(a)(2).

-3-

8.    The  amount  in  controversy  exclusive  of  interests  and costs  exceeds  the  sum  of  Seventy –Five  Thousand  Dollars ($75,000.00).

Also,  this  court  has  personal  jurisdiction  over  all  parties to  this  action.    Jurisdiction  is  also  invoked  under  18  USC  § 1964.

—————————— § ——————————

## IV.

### RELEVANT FACTS

9.    Plaintiff  is  currently  a  federal  prisoner  in  custody  of the  United  States  for  violations  of  the  federal  drug  laws.

10.    Plaintiff  was  arrested  in  approximately  June  13, 2000 in  La  Villa,  Texas  on  a  warrant  for  his  arrest.

11.    On  or  about  June  22,  2000,  plaintiff  contacted  De  La Grana  of  the  Law  Offices  of  Frank  De  La  Grana  in  order  to  secure representation  on  the  criminal  charges  pending  against  him  in  the State  of  North  Carolina.

12    On  or  about  June  22,  2000,  the  plaintiff  entered  into negotiations  with  De  La  Grana  regarding  fee  arrangements  for  his agreement  to  represent  the  plaintiff.    A  fee  of  Ten  Thousand Dollars  ($10,000.00)  was  agreed  upon.

13.    As  part  of  the  Ten  Thousand  Dollar  ($10,000.00) ·fee alleged  in  paragraph  12  supra,  De  La  Grana  agreed  to  provide  the plaintiff  representation  throughout  the  entire  criminal proceedings  against  him  in  North  Carolina.

14.    On  or  about  June  22,  2000,  Ten  Thousand  Dollars

($10,000.00) was delivered to De La Grana as the plaintiff's consideration and fulfillment of his contractual duties.

15   Upon receiving the legal fees from plaintiff, De La Grana travelled to Texas and met with the plaintiff at the jail in La Villa, Texas where plaintiff was incarcerated.

16.   During this face to face meeting between plaintiff and De La Grana, various aspects of the plaintiff's criminal case were discussed and De La Grana reassured the plaintiff of his previously agreed to intentions to provide him the best representation he could throughout the entire pendency of the criminal proceedings against the plaintiff in North Carolina.

17.   The plaintiff was subsequently transferred to North Carolina from Texas where the charges were pending against him in Criminal Cause Number 5:00CR00077-001 in the Eastern District of North Carolina.

18.   After plaintiff's arrival in North Carolina, he spoke to De La Grana on the phone on a few occasions. On or about late September or early October, 2002, De La Grana asked the plaintiff, in a phone conversation, for further funds in addition to the $10,000.00 already paid to him.

19.   In relation to the request for further funds De La Grana requested as stated in paragraph 18, supra, De La Grana stated that he could not continue to represent the plaintiff unless he received the additional $10,000.00. De La Grana asked the plaintiff to call him in a couple of days and let him know whether or not the money would be provided.

20. In approximately early November, 2001, the plaintiff called De La Grana and told him that he (the plaintiff) would not be able to provide any further fees and asked De La Grana to continue to represent him.

21. During the conversation referenced in paragraph 20, supra, De La Grana told the plaintiff that he (De La Grana) would not be providing him any further representation and to find another attorney.

22. Plaintiff alleges that all times material to the instant complaint, De La Grana was acting as the agent of the Law Offices of De La Grana.

23. De La Grana did not secure permission from the court before withdrawing from representing the plaintiff nor did De La Grana advise the court of his intentions to withdraw.

24. De La Grana had a duty to remain on plaintiff's case and continue to represent the plaintiff until such time as the court permitted him to withdraw.

25. De La Grana breached his duty to the plaintiff by withdrawing from representing him without leave of the court.

26. As a direct and proximate result of the breach of De La Grana's breach of duty, the plaintiff suffered damages.

27. De La Grana had a duty to fulfill the terms of the contract with the plaintiff.

28. De La Grana's withdrawal from representing plaintiff before the completion of plaintiff's proceedings constituted a breach of the contract.

29.  Plaintiff suffered damages as a direct and proximate result of the breach of contract.

30.  De La Grana's conduct violated various canons and ethics of the Code of Responsibility.

31.  The Law Offices of Frank De La Grana is vicariously liable to the plaintiff for all damages sustained by the plaintiff from the actions and omissions of De La Grana.

32.  De La Grana's actions in demanding further funds and threatening to withdraw from representation if these monies were not received was reasonably known to De La Grana to cause emotional distress and severe mental trauma upon the plaintiff.

33.  As a direct and proximate result of the actions of De La Grana mentioned in paragraph 32 and elsewhere in this complaint, the plaintiff suffered severe emotional distress.

34.  De La Grana's actions in demanding holding the plaintiff's criminal case hostage to his demand for further monies constituted extortion.

35.  De La Grana's actions in carrying out the threat to withdraw and refusing to continue to provide plaintiff representation without withdrawing in a legally permissible way constituted a further act in furtherance of the illegal conduct actionable under the federal civil RICO laws.

36.  As a direct and proximate result of the actions of De La Grana in the aforedescribed extortionate acts, the plaintiff suffered monetary damages in the sum of $10,000.00.

37.   De La Grana has a duty to follow and abide by the Code of Professional Responsibility as it applies to attorneys in his representation of the plaintiff.

## V.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

38.   Paragraphs 1 through 37, supra are hereby incorporated into this Claim for Relif as if fully set forth herein.

39.   De La Grnaa and the Law Offices are liable to the plaintiff, both individually and collectively, for the breach of contract in the following amounts:

(a)   $10,000.00 in restitution damages;

(b)   $100,000.00 in compensatory damages; and

(c)   $500,000.00 in punitive damages.

———————— § ————————

## VI.

### SECOND CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

40.   Paragraphs 1 through 39, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

41.   De La Grana knew that his actions in attempting to extort additional fees from the plaintiff and the threat to withdraw would cause the plaintiff to suffere severe emotional distress and trauma.

42.   As a direct and proximate result of the actions of De La Grana in threatening to withdraw and in actually carrying out this threat to withdraw, the plaintiff suffered and continues to suffer severe emotional distress and trauma.

43.   De La Grana and the Law Offices are liable to the plaintiff, both individually and collectively, in the following amounts for the intentional infliction of emotional distress:

(a)   $100,000.00 in compensatory damages;

(b)   $500,000.00 in punitive damages.

———————— § ————————

## VII.

### THIRD CLAIM FOR RELIEF
### (Civil RICO)

44.   Paragraphs 1 through 43, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

45.   De La Grana's extortionate means to secure further funds from the plaintiff and actions in carrying out the threats in failing to perform a legally required duty and withdrawing from representation without following established rules and regulations constitute acts in furtherance of a racketeering claim and constitute a pattern of racketeering as defined in Title 18, United States Code, § 1962 to 1965.

46.   De La Grana and the Law Offices are liable to the plaintiff, both individually and collectively, for their conduct in racketeering and engaging in a pattern of racketeering in

violation of the civil RICO statutes in an amount to be determined by a jury but greater than $250,000.00 in compensatory damages and for statutory prescribed punitive damages.

47. De La Grana and the Law Offices are also liable in the amount of $10,000.00 in restitution to the plaintiff.

———————— § ————————

## VIII.

### FOURTH CLAIM FOR RELIEF
### (Legal Malpractice)

48. Paragraphs 1 through 47, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

49. An attorney representing a criminal defendant has an obligation under the Rules of Professional Conduct to handle the case until completion or until permitted to withdraw as per the procedures established by the rules of professional responsibility and the court.

50. De La Grana had a duty and obligation to follow and abide by the Rules of Professional Responsibility in his representation of the plaintiff. De La Grana breached his duties and obligations under the Rules of Professional Responsibility by withdrawing from representation without informing the court or receiving permission to withdraw.

51. De La Grana's actions as defined in this complaint and specifically in paragraph 50, supra, constitute legal malpractice.

52.   De La Grana's failure to appear for a scheduled court hearing without being authorized to withdraw from the case on January 11, 2001 breached his duties and obligations to the plaintiff as set forth in the Code of Professional Responsibility and constitutes legal malpractice.  Plaintiff suffered damages as a direct and proximate result of this legal malpractice.

53.   De La Grana and the Law Offices are liable to the plaintiff, both individually and collectively, for the legal malpractice as described in paragraphs 50 and 51 for both compensatory and punitive damages to be determined by jury and in an amount treater than $250,000.00 in compensatory damages and $750,000.00 in punitive damages.

54.   De La Grana and the Law Offices are liable to the plaintiff, both individually and collectively, for the legal malpractice as described in paragraph 52 for both compensatory and punitive damages in an amount greater than $250,000.00 in compensatory damages and $750,000.00 in punitive damages as determined by a jury.

——————— § ———————

## IX.
### FIFTH CLAIM FOR RELIEF
### (Negligence and Breach of Fiduciary Duty)

55.   Paragraphs 1 through 54,supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

56.   De La Grana had a duty to represent the plaintiff to the best of his abilities in accordance with the standard norms of the legal profession.

57. De La Grana breached this duty and was negligence to the plaintiff by his extortionate conduct and failure to appear at a scheduled court hearing thereby proximately causing the plaintiff damages.

58. De La Grana had a fiduciary duty to the plaintiff and breached this duty by the actions described in this complaint proximately causing the plaintiff damages.

59. De La Grana and the Law Offices are liable to the plaintiff, both collectively and individually, for compensatory and punitive damages for the negligence in an amount to be determined by jury.

60. De La Grana and the Law Offices are liable to the plaintiff, both collectively, and individually, for compensatory and punitive damages for the breach of fiduciary duty in an amount to be determined by jury.

——————— § ———————

## X.

### PRAYER FOR RELIEF

61. Paragraphs 1 through 60, supra, are hereby incorporated into this paragraph and made a part thereof as if fully set forth herein.

62. Plaintiff prays that this court order restitution, compensatory damages and punitive damages as requested in this complaint against the defendants.

63. Plaintiff prays that this court order nominal damages against the defendants.

64. Plaintiff prays that this court assess attorney fees, interest, and costs against the defendants.

65. Plaintiff prays that the court assess damages and costs both individually and collectively against the defendants.

66. Plaintiff demands a trial by jury on all issues so triable.

67. Plaintiff demands such further relief as justice requires.

─────────── § ───────────

## XI.

### CONCLUSION

**WHEREFORE,** above premises considered, the plaintiff prays for the relief requested in this complaint.


Respectfully submitted on this the 17 day of September, 2002.

/S/     _Isabel Gonzalez_
Isabel Gonzalez
Reg. No. 94143-079
P.O. Box 26040
Beaumont, TX 77720

Pro Se Representation.