IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

CIVIL NO. B-02-181

United States District Court
Southern District of Texas
FILED

DEC 0 9 2002

Michael N. Milby
Clerk of Court

ISABEL GONZALEZ,

Plaintiff,

-vs-

FRANK DE LA GRANA, and
LAW OFFICES OF FRANK DE LA GRANA,

Defendants.

FIRST AMENDED CIVIL COMPLAINT FOR DAMAGES
(Jury Trial Demanded)

TO THE HONORABLE JUDGE OF THIS COURT:

NOW INTO COURT COMES, the Plaintiff, **ISABEL GONZALEZ**, Pro Se, and hereby files this First Amended Civil Complaint for Damages and Jury Trial Demand against the above named defendants for their actions in breaching a contract for legal representation, for breach of duty, extortion, fraud, and causing personal injuries to be inflicted upon the plaintiff.

——————————— § ———————————

## I.

### AMENDMENT AS OF RIGHT

The defendants have filed a Rule 12 motion to dismiss in this case and no other document. A motion to dismiss is not a responsive pleading as contemplated by the Federal Rules of Civil Procedure. **Taj Mahal Enterprises, Ltd. v. Trump**, 745 F.Supp. 240 **(D.N.J. 1990).** Before a responsive pleading is filed, a party may amend his complaint once as a matter of right without leave of the court. **Trump**, supra; **Peckham v. Scanlon**, 241 F.2d 761 (7th Cir. 1957).

———————————§———————————

## II.

### INTRODUCTION

1.   The plaintiff entered into a contractual relationship with the defendants in this case in the criminal case pending against the plaintiff. The plaintiff alleges and will prove that the defendant attorney and the law firm breached this contract for representation by failing to provide the agreed upon services and abandoning the plaintiff without being fired or terminated. Moreover, the defendants engaged in a pattern of extortion, fraud, and illegal conduct to extort further monies from the plaintiff by threatening him with abandonment and a long prison sentence. After the plaintiff was unable to comply with the extortionate threats, the defendants carried out the threats.

——————————— § ———————————

### III.

### PARTIES

2. ISABEL GONZALEZ (hereinafter "Gonzalez" or "Plaintiff") is the plaintiff in this civil action. Gonzalez is a federal prisoner currently incarcerated in the custody of the United States Attorney General and the Bureau of Prisons. Gonzalez is currently incarcerated at the Federal Correctional Institution in Beaumont, Texas with the following mailing address:

```
Isabel Gonzalez
Reg. No. 94143-079
P.O. Box 26040 (medium)
Beaumont, TX 77720
```

Gonzalez is a citizen of the United States and claims residency and citizenship of the State of Texas.

3. FRANK DE LA GRANA (hereinafter "De La Grana") is a defendant in this civil action. De La Grana is alleged to be a citizen of the State of Florida with the following mailing address:

```
Frank De La Grana
1710 East Seventh Avenue
Tampa, Florida 33605-3806
```

4. LAW OFFICES OF FRANK DE LA GRANA (hereinafter "Law Office" or "FDLA") is a defendant in this civil action. The Law Office is alleged to be a business entity with its principal place of business within the State of Florida. The Law Office is alleged to be a citizen of the State of Florida for purposes of this suit. It mailing address is alleged to be at:

```
Law Offices of Frank De La Grana
1710 East Seventh Avenue
Tampa, Florida 33605-3806
(813) 248-0704
```

———————— § ————————

## IV.

### JURISDICTION & VENUE

5.  This court's jurisdiction is invoked under Title 28, United States Code, Section 1332(a)(1). Jurisdiction is also proper under Title 28, United States Code, Section 1331 and Title 18, United States Code, Section 1964 (Civil RICO).

6.  The pendent and supplemental jurisdiction of this court is invoked to hear and decide claims arising under state law under Title 28, United States Code, Section 1367.

7.  The contract for services was initiated, negotiated, and executed in this district. Meetings, phone calls and some services were rendered in this district. Thus, venue is proper in this court under Title 28, United States Code, Section 1391(a)(2).

8.  Venue is also invoked and proper in this district under the Civil RICO venue provision of Title 18, United STates Code, Section 1965.

9.  The amount in controversy exclusive of interests and costs exceeds the sum of Seventy-Five Thousand dollars ($75,000.00).

10.  This court has personal jurisdiction over all parties to this action.

———————— § ————————

**V.**

**RELEVANT FACTS**

11.   Plaintiff is currently a federal prisoner in the custody of the United States for violations of the federal drug laws.

12.   Plaintiff was arrested on approximately June 13, 2000 in La Villa, Texas on a warrant for his arrest.

13.   On or about June 22, 2000, the plaintiff contacted De La Grana of the Law Offices of Frank De La Grana in order to secure representation on the criminal charges pending against him which formed the basis of his arrest. The charges were pending in the State of North Carolina.

14.   On or about June 22, 2000, the plaintiff entered into negotiations from the place of his detention in Texas with De La Grana and FDLA to secure representation on the criminal charges. A fee of Ten Thousand Dollars ($10,000.00) was agreed upon for De La Grana to provide the plaintiff representation.

15.   In consideration for the fee of $10,000.00 agreed upon, De La Grana and FDLA law firm agreed to provide the plaintiff legal representation in relation to the criminal charges against him.

16.   In consideration of the agreement to provide legal representation, the plaintiff was required to secure and have Ten Thousand Dollars ($10,000.00) forwarded to De La Grana's offices. It was understood by the parties that the plaintiff was to perform this obligation while he remained in detention in Texas.

17.   The Ten Thousand Dollar ($10,000.00) fee constituted

-5-

the entire fee and the contract did not contemplate further fees. The contract required that De La Grana and the FDLA law office provide representation throughout the entire proceedings for the Ten Thousand dollar fee.

18.   On or about June 22, 2000, the plaintiff, while in the detention cell in Texas, made arrangements to have the fee delivered to De La Grana as his consideration and fulfillment of his contractual obligations.

19.   After receiving the legal fees, De La Grana travelled to Texas and met with the plaintiff in person at the jail in La Villa, Texas.

20.   During this face to face meeting between the plaintiff and De La Grana, various aspects of the criminal case were discussed.

21.   De La Grana assured the plaintiff of his intentions to fully comply with the terms of the contract and to provide him the best possible representation throughout the entire pendency of the criminal proceedings against him.

22.   Additionally, during the face to face meeting, De La Grana informed plaintiff that he had spoken to the Assistant United States Attorney and that a Rule 20 transfer to the district court in Texas could be effected and that De La Grana would be representing him in Texas.  Plaintiff rejected the terms of the Rule 20 transfer and asked that the case be left in North Carolina. De La Grana represented plaintiff in Texas while the Plaintiff was a prisoner in detention in Texas.

-6-

23.  Plaintiff was transferred to North Carolina to face the criminal charges against him in criminal number 5:00-CR-00077-001 in the Eastern District of North Carolina.

24.  After Plaintiff's arrival in North Carolina, he spoke to De La Grana on the telephone on a few occasions.  On or about late September or early October 2000, De La Grana asked the plaintiff in a phone conversation for further funds in addition to the $10,000.00 already paid.

25.  In relation to the request for further funds, De La Grana informed the Plaintiff that he (De La Grana) could not continue to represent the plaintiff unless additional money was received by him.  De La Grana asked the plaintiff to call him and let him know of the plaintiff's decision.

26.  In De La Grana's quest to secure money other than required by the contract, De La Grana failed to conduct any of the necessary investigation and motion practice necessary and required of reasonable attorneys in criminal proceedings.

27.  In November 2000, the plaintiff called De La Grana and told him that he could not provide him further money and demanded that De La Grana fulfill his contractual terms and continue to represent him.

28.  During the phone conversation referenced in ¶ 27, supra, De La Grana informed plaintift that he (De La Grana) would not continue to provide further representation.  Plaintiff demanded his money back and De La Grana refused to provide same.

29.  Plaintiff informed De La Grana that he was unable to

afford another lawyer and asked for his money so that he could retain other counsel.

30. De La Grana refused to provide the plaintiff any of his money back with direct knowledge that the plaintiff would be unable to retain another attorney.

31. At at times material to the instant complaint, De La Grana was acting both individually and as an agent of the Law Offices of Frank De La Grana.

32. De La Grana had a duty to secure permission from the court before withdrawing from criminal representation of the plaintiff.

33. De La Grana did not secure permission from the court before abandoning the plaintiff and withdrawing from the case. In fact, the court was unaware of De La Grana's actions until after the case had already proceeded to a guilty plea hearing.

34. De La Grana had a duty, both contractually and under the prevailing professional standards, to remain on the plaintiff's case until such time as required by the contract or as deemed by the court.

35. De La Grana breached his contractual and ethical duty to the plaintiff by abandoning him without leave of the court.

36. As a direct and proximate result of the breach of De La Grana's breach of duty, the plaintiff suffered damages including but not limited to mental and emotional distress, trauma, loss of liberty, incarceration, and deprivation of various constitutional rights including denial of counsel of choice,

denial of right to a jury trial, and denial of assistance of counsel at all stages of the criminal proceedings.

37.  Plaintiff alleges upon information and belief that such damages were reasonably foreseeable to De La Grana.

38.  De La Grana had a duty to the plaintiff to fulfill the terms of the contract.

39.  De La Grana breached his contractual duty by abandoning the plaintiff before the term contemplated by the contract.

40.  Plaintiff suffered damages from the breach of contract as described in paragraph 36, supra.

41.  De La Grana's had a duty to abide by the various canons and ethics of the Code of Professional Responsibility.

42.  De La Grana's conduct violated the various ethics and canons of professional responsibility applicable to criminal defense attorneys.

43.  The Law Offices of Frank De La Grana is vicariously liable to the plaintiff for the damages sustained by the plaintiff by the actions and omissions of De La Grana.

44.  De La Grana's actions in demanding further funds from the plaintiff and threatening to withdraw from representation was illegal and known by De La Grana to cause the plaintiff damages including mental trauma and emotional distress.

45.  As a direct and proximate result of the actions of De La Grana as described in paragraph 44, supra, the plaintiff suffered severe emotional distress.

46.  De La Grana's actions in holding the plaintiff's criminal case hostage to his demand for further monies constituted

extortion and violated the professional duty to the plaintiff and the law.

47. De La Grana's multiple demands for money, extortion, and the carrying out of the threats to abandon the plaintiff occurred over a significant period of time and constituted a pattern of racketeering in violation of the federal civil RICO laws.

48. As a direct and proximate result of the actions of De La Grana in the aforedescribed extortionate acts, the plaintiff suffered money damages in the sum of $10,000.00. The plaintiff also suffered other unliquidated damages in excess of One Million Dollars.

49. De La Grana had a duty to provide the plaintiff legal representation in accordance with the duty established upon reasonable criminal defense attorneys. This duty included performance of all duties required of criminal defense attorneys.

50. De La Grana breached this duty by failing to take any actions on behalf of plaintiff including failing to undertake any pretrial investigation into the facts of the plaintiff's case, failing to
conduct any motion practice including suppresion motions in order to extort money from the plaintiff, and in failing to provide basic advice including advice on proceeding to trial.

51. De La Grana also breached his fiduciary and ethical duty to the plaintiff by failing to provide him legal advice and counsel during the course of the criminal proceedings and in failing to protect the plaintiff's legal rights.

## VI.

### FIRST CLAIM FOR RELIEF
### (Breach of Contract)

52. Paragraphs 1 through 51, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

53. De La Grana and the Law Offices are liable to the plaintiff, both individually and collectively, for the breach of contract as alleged herein in the following amounts:

    (a)   $10,000.00 in restitution damages;

    (b)   $100,000.00 in compensatory damages; and

    (c)   $500,000.00 in punitive damages.


## VII.

### SECOND CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

54. Paragraphs 1 through 51, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

55. De La Grana reasonably knew that his actions in attempting to extort additional fees from the plaintiff, the threat to withdraw, and leaving the plaintiff without counsel to face serious felony charges would cause the plaintiff severe emotional distress and mental trauma.

56. As a direct and proximate result of the actions of De La Grana in extortion, threatening to withdraw and in abandoning the plaintiff in the face of serious felony charges, the plaintiff suffered and continues to suffer emotional distress and mental trauma.

57.  De La Grana and the Law Offices of Frank De La Grana are liable to the plaintiff, both individually and collectively, in the following amounts for the intentional infliction of emotion distress:

(a)  $500,000.00 in compensatory damages; and

(b)  $500,000.00 in punitive damages.

——————————— § ———————————

## VIII.

### THIRD CLAIM FOR RELIEF
### (Civil RICO)

58.  Paragraphs 1 through 57, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

59.  De La Grana's extortionate means to secure further funds from the plaintiff and his actions in carrying out the threats and abandoning the plaintiff and failing to perform a legally required duty were all acts done in furtherance of a pattern of racketeering as defined by 18 U.S.C. § 1962 to 1965.

60.  De La Grana and the Law Offices of Frank De La Grana are liable to the plaintiff, both individually and collectively, for their racketeering conduct and engaging in a pattern of racketeering in violation of the civil RICO statutes in an amount to be determined by jury but greater than $250,000.00 in compensatory damages and $750,000.00 in punitive damages.

61.  De La Grana and the Law Offices are also liable to the

-12-

plaintiff in an amount of $10,000.00 which the plaintiff provided the firm and an additional $10,000.00 which was the object of the extortion.

——————— § ———————

## IX.

### FOURTH CLAIM FOR RELIEF
### (Legal Malpractice)

62.  Paragraphs 1 through 61, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

63.  An attorney representing a criminal defendant has an obligation by the Rules of Professional Conduct (Texas Disciplinary Rules of Professional Conduct 1.15(b)) to handle the case until completion or until permitted to withdraw as per the procedures established by the Rules of Professional Responsibility and the court.

64.  De La Grana breached his duty to the plaintiff to continue to represent him by abandoning him.  These actions constituted legal malpractice.

65.  Plaintiff suffered damages as a result of the legal malpractice. As a consequence of the actions of De La Grana, the plaintiff was left without representation in his criminal case. Plaintiff was forced to forego his right to a jury trial and but for De La Grana's abandonment, the plaintiff would have proceeded to trial.  Moreover, the plaintiff was denied his right to his counsel of choice.  Plaintiff alleges that he is incarcerated as a

direct and proximate result of the actions of De La Grana. At a minimum, the plaintiff was denied the opportunity to prove his innocence before a jury of his peers.

66. Plaintiff seeks compensatory damages of One Million Dollars and punitive damages of Three Million Dollars from De La Grana and the Law Offices of Frank De La Grana.

─────────── § ───────────

## X.

### FIFTH CLAIM FOR RELIEF
### (Legal Malpractice)

67. Paragraphs 1 through 66, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

68. A criminal defense attorney has a duty to his client to render competent professional advice and undertake such tasks as are deemed necessary to protect his client's rights.

69. De La Grana breached his duty to the plaintiff by failing to engage in any pretrial investigation, failing to interview witnesses, in failing to file any pretrial motions, and in failing to abide by the plaintiff's desire to proceed to trial.

70. De La Grana had the duty to appear at all scheduled court hearings. This duty was breached by De La Grana when he failed to appear for the hearing on january 11, 2001.

71. Plaintiff suffered the aforedescribed damages as a direct and proximate result of the breach of duties and legal malpractice of De La Grana as described in this cause of action.

-14-

72.    Plaintiff seeks compensatory damages of One Million Dollars and punitive damages of Three Million Dollars for the malpractice alleged in paragraphs 68-69, supra, and One Million Dollars in compensatory damages and Three Million Dollars in punitive damages for the legal malpractice alleged in paragraphs 70-71, supra.

—————————— § ——————————

## XI.

### SIXTH CLAIM FOR RELIEF
### (Legal Malpractice)

73.    Paragraphs 1 through 72, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

74.    A criminal defense attorney must render sound professional advice in advising his criminal client on whether to proceed to trial or plead guilty. Such advice must be based on the attorney's investigation of the facts of the case.

75.    A criminal defense attorney may not coerce his client to accept a guilty plea.

76.    De La Grana attempted to coerce the plaintiff into accepting a guilty plea without an adequate investigation into the facts of the case solely in order to protect his own pecuniary interests.

77.    Such conduct on the part of De La Grana was in contravention of the standards applicable to criminal defense attorneys and constituted legal malpractice.

78.   De La Grana threatened to abanon the plaintiff as part of his coercive tactics and actually carried out such threats.

79.   Such action by De La Grana caused the plaintiff mental and emotional distress and was reasonable foreseeable by De La Grana to cause same.

80.   Plaintiff requests compensatory damages of One Million Dollars and punitive damages of Three Million Dollars from De La Grana for the legal malpractice alleged in this cause of action.

————————— § —————————

## XII.

### SEVENTH CLAIM FOR RELIEF
### (Negligence and Breach of Fiduciary Duty)

81.   Paragraphs 1 through 80, supra, are hereby incorporated into this Claim for Relief as if fully set forth herein.

82.   De La Grana had a duty to represent the plaintiff to the best of his abilities in accordance with the standard   norms of the legal profession.

83.   De La Grana breached this duty and was negligent to the plaintiff by his conduct in (1) extortion, (2) failing to appear at a scheduled court hearing while being attorney of record, (3) abandoning the plaintiff in the midst of his criminal proceedings, and (4) failing to render any services as that normally required of criminal defense attorneys.

84.   As a direct and proximate result of the actions and omissions of De La Grana, the plaintiff suffered damages including but not limited to mental and emotional distress and the

-16-

aforedescirbed.

85.   De La Grana had a fiduciary duty to the plaintiff and breached this duty by the actions described in this complaint proximately causing the plaintiff the aforedescribed injuries.

86.   De La Grana and the Law Offices are liable to the plaintiff, both collectively and individually, for compensatory damages in the amount of One Million Dollars and punitive damages in the amount of Three Million Dollars for the breach of fiduciary duty.

87.   De La Grana and the Law Offices are liable to the plaintiff, both collectively and individually, for compensatory damages of One Million Dollars and punitive damages of Three Million Dollars for the negligence as described herein.

─────────────  §  ─────────────

### XIII.

### EIGHTH CLAIM FOR RELIEF
### (Conversion)

88.   Paragraphs 1 through 87, supra, are herein incorporated into this paragraph as if fully set forth herein.

89.   De La Grana wrongfully and illegally converted $10,000.00 plaintiff provided him for legal representation for his own use. De La Grana did not perform the services contemplated for the $10,000.00 and has no legal right to said money.

90.   De La Grana was required to place said monies in a trust or escrow account and failed to do so but instead, illegally converted to the money for his own use.

-17-

91.  Plaintiff seeks restitution of $10,000.00 and punitive damages of $30,000.00 to be assessed against De La Grana and the Law Offices, both individually and collectively.

——————— § ———————

## XIV.

### NINTH CLAIM FOR RELIEF
#### (Fraud and Deceptive Trade Practice)

92.  Paragraphs 1 through 91, supra, are hereby incorporated into this paragraph and made a part thereof as if fully set forth herein.

93.  De La Grana's representations to plaintiff that he would represent the plaintiff throughout the entire course of the criminal proceedings against the plaintiff were false and known to De La Grana to be false.

94.  De La Grana engaged in fraud in order to induce the plaintiff to hire him for legal services.

95.  The conduct, as described herein, constitutes deceptive trade practices.

96.  The plaintiff suffered both damages as a direct and proximate result of the fraud and deceptive trade practices of De La Grana.

97.  Plaintiff seeks compensatory damages of One Hundred Thousand Dollars and punitive damages of Three Hundred Thousand Dollars for the fraud perpetrated by De La Grana to be assessed both individually and collectively.

-18-

——————————— § ———————————

## XV.

### PRAYER FOR RELIEF

98.   Paragraphs 1 through 97, supra, are hereby incorporated into this paragraph and made a part thereof as if fully set forth herein.

99.   Plaintiff prays that this court order restitution, compensatory damages, and punitive damages as set forth inthis complaint.

100.   Plaintiff prays that this court order nominal damages against the defendants.

101.   Plaintiff prays that this court assess attorney fees, interest, and costs against the defendants.

102.   Plaintiff prays that this court assess all damages both individually and collectively against all defendants.

103.   Plaintiff demands a trial by jury on all issues so triable.  Plaintiff fuurther requests such relief as justice requires.

——————————— § ———————————

## XVI.

### CONCLUSION

**WHEREFORE,** above premises considered, the Plaintiff respectfully prays that this court grant all relief requested in this complaint.

**Respectfully submitted on this** _4th_ **day of December, 2002.**

/s/ _Isabel Gonzalez_
Isabel Gonzalez
Reg. No. 94143-079
P.O. Box 26040
Beaumont, TX 77720

### VERIFICATION

I, Isabel Gonzalez, do hereby affirm and verify under the penalty as provided by 28 U.S.C. § 1746 that the allegations in this complaint are true and correct to the best of my knowledge and beliefs.

So sworn and subscribed on this _4th_ day of December, 2002.

/s/ _Isabel Gonzalez_
Isabel Gonzalez

### CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing to the following party by first class mail, postage prepaid, on this the _4th_ day of December, 2002.

Robert Herce, Esquire
Herce & Herce, P.A.
1710 East 7th Avenue
Tampa, FL 33605

/s/ _Isabel Gonzalez_
Isabel Gonzalez