United States District Court
Southern District of Texas
FILED

DEC 1 2 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL GONZALEZ, | § | Civil No. B-02-181 |
| Plaintiff, | § | |
| vs. | § | |
| FRANK DE LA GRANA, et. al., | § | |
| Defendant(s). | § | |

PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT

NOW COMES, the Plaintiff, ISABEL GONZALEZ, Pro Se, and hereby moves this Honorable Court to deny the Defendant's Motion to DIsmiss or in the alternative, for Summary Judgment. In support of the plaintiff's opposition, the plaintiff submits the following:[1]

A. STANDARD ON A MOTION TO DISMISS:

When reviewing a motion to dismiss, the court "must accept all the factual allegations in the complaint and draw all reasonble inferences from these facts in favor of the plaintiff." Arazie v. Mullane, 2 F.3d 1456, 1465 (7th Cir. 1993); Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001). A claim may not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

[1] The Plaintiff is proceeding pro se and requests that this Hon. Court grant him liberality in his pleadings as provided by the Supreme Court's decision in Haines v. Kerner, 404 U.S. 519, 520 (1972).

him to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); <u>In re Southeast Banking Corp</u>, 855 F.Supp. 353 (S.D.Fla. 1994), aff'd, 69 F.3d 1539 (11th Cir. 1994). A motion to dismiss must be denied unless the plaintiff cannot prove any facts to support his claims for relief. <u>F.D.I.C. v. Nathan</u>, 804 F.Supp. 888 (S.D.Tx. 1992). "When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. <u>Fernandez-Montes v. Allied Pilots Ass'n</u>, 987 F.2d 278, 284 (5th Cir. 1993). Moreover, allegations of a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers..." <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam).

### B. DEFENDANTS' ALLEGATION OF A SHOT-GUN PLEADING.

The defendants allege that the plaintiff's complaint is a shot-gun pleading relying on <u>Pelletier v. Zweifel</u>, 921 F.2d 1465 (11th Cir. 1991). Even a layman would recognize the difference between <u>Pelletier</u> and the instant complaint. <u>Pelletier</u> was a five volume travesty, almost 5½ inches thick. The instant complaint consists of four pages of factual allegations relevant to the causes of action. The real issue the defendants have is that they are offended that a prisoner should have the nerve to sue them even after they have made a living doing business with prisoners. The defendants accepted money for services and failed

to render the services. They can hardly be permitted to complain to having to face the consequences of their own misconduct.

The plaintiff further submits that his complaint is in accordance with the notice pleading standard of the federal rules of civil procedure, Rule 8. A short and plain statement is all that is necessary sufficient to place defendants on notice of the claim. The defendants claim that they find it "practically impossible...precisely what Defendants did to give Plaintiff any right of action." **Defendant's Motion to Dismiss at 1.** In short, the defendants entered into a contractual arrangement to provide legal services and after receiving the agreed upon money, did not provide the services contracted upon. Moreover, the defendants acted in a manner hostile to the plaintiff's interests and breached their duties of care as required by the Code of Professional Responsibility and the Bar Association.

### C.  SUBJECT-MATTER JURISDICTION:

The defendants dispute the jurisdictional amount in controversy stating that the contract was only for $10,000.00. However, the plaintiff has requested damages in addition to the breach of contract claim. The plaintiff has sought damages for the intentional infliction of emotional distress, RICO, negligence, breach of duty, and legal malpractice. **See Plaintiff's Complaint at 8-11.** Moreover, the plaintiff has filed an amended complaint adding other claims. The damages sought may be aggregated to reach the diversity jurisdictional prerequisite. See **Prudential Ins. Co. v. Thomason**, 865 F.Supp. 762 (D.Ut.1994).

(amount in controversy exceeded jurisdictional amount of $50,000.00 even though only $30,000.00 claimed in disability benefits where other claims were possible for bad faith conduct of defendants); <u>Rosenboro v. Kim</u>, 994 F.2d 13 (D.C.Cir. 1990) (unliquidated as well as liquidated damages must be used to determine jurisdictional amount).

The plaintiff's claims are in good faith and the amount claimed is clearly over the jurisdictional amount. There is nothing to indicate that the amount is not made in good faith. <u>See</u> <u>e.g.</u> <u>Sellers v. O'Connell</u>, 701 F.2d 575 (6th Cir. 1983) (amount claimed in good faith controls jurisdiction amount unless there is a legal certainty that claim is for less); <u>see also</u> <u>Hairston v. Home Loan and Inv. Bank</u>, 814 F.Supp. 180, 182 (D.Mass. 1993) (existence of amount of controversy is to be determined from plaintiff's point of view rather than defendant's).[1]

There is no legal certainty that the plaintiff cannot recover less than the jurisdictional amount. The allegations in the complaint make it evident, if accepted as true, that the defendants' engaged in wrongful conduct, negligence, and legal malpractice in addition to the breach of contract. A reasonable jury could award the plaintiff a sum in excess of $75,000.00.

The plaintiff further submits that jurisdiction of this court also exists under the RICO statutes which exists independently of 28 U.S.C. § 1332.

---

1 / see also <u>Macpherson v. Brinecell</u>, 98 F.3d 1241, 1244 (10th Cir. 1996) (complaint asking for $35,000.00 for a breach satisfied jurisdictional amount where complaint also included a second action for fraud).

## D. PERSONAL JURISDICTION.

This court has personal jurisdiction over the defendants in this case. The Texas long-arm statute was enacted to "exploit to the maximum the fullest permissible reach under federal constitutional restraints". <u>Atwood Hatcheries v. Heisdorf & Nelson Farms</u>, 357 F.2d 847 (5th Cir.1 966). Texas intends its long arm statute to be given its broadest interpretation. <u>Id.</u> at 853; <u>Clark Advertising Agency, Inc. v. Tice</u>, 331 F.Supp. 1058 (N.D.Tx. 1971) ("Texas Statutes, is to be given the broadest possible construction, subject only to basic constitutional requirements").

This court has personal jurisdiction on four grounds: First, the defendants purposefully availed themselves of the laws and protections of this state and entered into a contract which was partially to be performed in this state with a Texas citizen. Second, the plaitniff was to perform his obligations of the contract within this state. Third, the Texas long-arm statute does not limit "doing business" in Texas to requiring that acts be performed in this state. Fourth, a tort was committed at least partially within this state.

The Texas long-arm statute provides:

> <u>In</u> <u>addition</u> <u>to</u> <u>other</u> <u>acts</u> that may constitute doing business, a nonresident does business in the State if the nonresident:
>
> (1) contracts by mail or otherwise with a Texas resident and <u>either</u> party is to perform the contract in whole or in part in this state;
>
> (2) commits a tort in whole or in part in this state.

<u>See</u> CPRC § 17.042 (emphasis added).

First, the defendants emphasize that the criminal representation as to occur in North Carolina. However, substantial activities occurred within Texas sufficient to establish minimal contacts and permit the reach of the long-arm statute. Plaintiff's amended complaint makes it clear that the defendants were contacted from this state, made negotiations with the plaintiff while the plaintiff was in Texas, made numerous phone calls and mailings to plaintiff within this state to secure the contract and even travelled to Texas in rendering services under the contract. Also, the amended complaint states that De La Grana did represent the plaintiff in Texas and that such representation included seeking a possible Rule 20 transfer of the case from North Carolina to Texas. **See Amended Compalint at Para. 22.** Defendants clearly availed themselves of the benefit of Texas laws by engaging in activity in Texas and in agreeing to represent the plaintiff and representing the plaintiff in Texas. As the <u>Tice</u> court stated, "It does not, therefore, seem anything but fair to consider that by purposefully availing themselves of the laws and privileges of Texas and by entering into a contract with a Texas citizen to be performed in part in Texas, defendants have properly placed themselves within the jurisdiction of this court." **<u>Tice</u> at 1060.** The plaintiff maintains that even excluding the fact that services were required to be performed in Texas under the contract had a Rule 20 transfer be effected, the fact that the defendants travelled to Texas in performance of the contractual duties establishes that some acts took place or were to be performed in Texas.

Secondly, the plaintiff was required to perform his obligations under the contract in Texas. The plaintiff's obligations under the contract was to secure the money and ensure that it reached the defendants. All of these acts were to be performed by the plaintiff in Texas. The long-arm statute reaches nonresidents when they enter into contracts when <u>either</u> party is to perform their obligations, either in whole or in part, in Texas.

Third, the long-arm statute states that "in addition to other acts that may constitute doing business, a nonresident does business in the state . . . " Tx. CPRC § 17.042. The term "in addition to other acts" means that the long-arm statute is not limited to acts which are to be performed in Texas but includes other acts that constitute doing business such as the aforementioned phone calls, mailings, negotiations, travel to and from this state, and entering into a contract in this state.

Fourth, the long-arm statute also reaches a nonresident if he commits a tort within this state, in whole or in part. The plaintiff, in his amended complaint, has alleged that the defendants are guilty of the tort of conversion. The tort of conversion was committed in Texas when the defendants wrongfully converted the plaintiff's monies to their own use wrongfully and illegally with no intention to perform their obligations under the contract.

In light of the foregoing, this court has personal jurisdiction over the defendants.

De La Grana seeks to claim the protections of a professional association under Florida law. However, De La Grana has offered no evidence to substantiate his allegations and they must be rejected. Moreover, the plaintiff submits that the actions of De La Grana were both individually and professionally.

### E. FAILURE TO STATE A CLAIM ARGUMENTS:

(a) Breach of Contract:

The complaint clearly satisfies the notice pleading requirements of the federal rules and sufficiently states a cause of action. The complaint alleges that a contract was entered and that it was breached by one party by nonperformance of hte obligations under the contract.

(b) Statute of Limitations:

The plaintiff's complaint was filed within the two year statute of limitations. The complaint alleges that the breach of contract and other torts occurred in approximately November of 2000 through early 2001. The instant complaint was filed months before the limitations period expired. **See Amended Complaint** at ¶ 27, 70.

(c) Place of Performance:

The plaintiff's amended complaint disposes of this argument. The plaintiff has alleged that the contract included the performance of services in Texas should the plaintiff have secured a Rule 20 transfer and moreover, that certain acts were performed in Texas.

In addition to the above, the plaintiff's place of performance was to occur in Texas.

(d) **Intentional Infliction of Emotional Distress:**

The defendants erroneously rely on <u>Kaufman v. Miller</u>, 414 S.W.2d 164 (Texa. 1967). <u>Kaufman</u> applies to the principle that damages may not be recovered for emtional distress where the victim was particularly susceptible to such mental and emotional trauma and that this fact was unknown to the alleged tortfeasor. In this case, however, there is no allegation that the plaintiff was so susceptible. The plaintiff's claims are based on the distress suffered by a reasonable person under the circumstances present here.

(e) **CIVIL RICO:**

Plaintiff refers this court to the amended complaint which fully resolves the concerns expressed by the defendants' motion to dismiss. The plaintiff has alleged a pattern of racketeering consisting of a number of illegal actions, to wit, conversion, extortion, fraud in relation to the extortion, fraud in relation to securing the contract, and extortion and threats to withhold performance of a legal duty to force a deprivation of property interests and constitutional rights.

(g) **Legal Malpractice:**

Plaintiff's factual allegations are sufficient to allege a cause of action under legal malpractice. Defendants claim that the plaintiff suffered no injury as a result of the malpractice.

The amended complaint establishes that the plaintiff did in fact suffer injuries. Plaintiff was left without the assistance of an attorney of choice at a scheduled court hearing. Plaintiff was left without an attorney in a criminal trial and without any assistance in preparing for trial. No pretrial investigation or other necessary actions were undertaken. Plaintiff was also extorted into accepting a guilty plea by the defendants' actions and in order to avoid further harms imminent from the defendants' negligence and lack of preparation as that normally required to criminal attorneys. The plaintiff was also deprived of his property interests in the $10,000.00 and denied the benefit of contract and having emotional trauma inflicted on him.

Defendants further argue the presumption that legal services should be presumed to be reasonable. This presumption is rebutted inthis case. The actions of the defendants have been alleged to be in violation of all norms and contrary to the rules of professional conduct of every state in the country. See e.g. **Texas Rules of Professional Conduct, 1.15(b), 1.15(d), 1.03.**

### (g) Negligence and Breach of Fiduciary Duty:

Defendants allege that plaintiff has not established a tort independent of the contract action. This allegation is false. The plaintiff has alleged the commission of numerous torts by the defendants independed of the breach of contract. The defendants have been alleged to have been negligent in the performance of legal services separate from the negligence resulting from the breach of contract, guilty of conversion of

funds, extortion, fraud committed to secure the contract, and a breach of fiduciary duty.

### I. IS THE COMPLAINT FRIVOLOUS ?

The defendants appear to be insulted that the plaintiff, a pro se prisoner (made a prisoner by the negligence of the defendants) has filed a lawsuit seeking redress for the wrongs done against him by the defendants. The defendants ask, no beg, this this court to hold the prisoner's pro se status agaist him and ask for special treatment because they happen to be attorneys. The fact is that any respectable and reputable business which enters into a contract to perform services known that is must perform the services contracted upon or face the prospect of a suit for breach. The defendants are not any more special than the thousand of hard working individuals and businesses who actually perform the services they contract for even when it appears after the fact that one party or another got a better deal.

In this case, the fact remains that the defendants received $10,000.00 and did absolutely nothing to earn this money. The defendants complain about fee ink, paper and postage as his incentive to file this suit. On the contrary, this lawsuit is costing the plaintiff much money that he can hardly afford. On the other hand, the defendants certainly have the ability to buy many reams of paper, gallons of ink and the ability to defend this lawsuit simply by spending the $10,000.00 that they "stole"

from the plaintiff.

This court is asked to pierce the veil of the defendants' attempts to erect a trojan horse and camouflage its misconduct. This court should not allow such unscrupulous attorneys to taint the entire profession. The defendants should be required to abide by the ethics and code of professional responsibility and to account for their actions and omissions.

**WHEREFORE,** above premises considered, the Plaintiff respectfully prays that this court grant this motion.

Respectfully submitted on this 8th day of December, 2002.

_____
Isabel Gonzalez
Reg. NO. 94143-079
P.O. Box 26040
Beaumont, TX 77720

### CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing to the following party by first class mail, postage prepaid, on this the 8th day of December, 2002:

Robert Herce, Esquire
Herce & Herce, P.A.
1710 East 7th Avenue
Tampa, FL 33605

_____
Isabel Gonzalez