```
                                                   United States District Court
                                                   Southern District of Texas
                                                            ENTERED
        UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF TEXAS              JAN 1 7 2003
             BROWNSVILLE DIVISION
                                                 Michael N. Milby, Clerk of Court
                                                 By Deputy Clerk
```

| | |
|---|---|
| ISABEL GONZALEZ, § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-181 |
| § | |
| FRANK DE LA GRANA and LAW OFFICES § | |
| OF FRANK DE LA GRANA, § | |
| Defendant. § | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendants' "Motion To Dismiss or in the Alternative, Motion for Summary Judgment" (Doc. # 6). For the following reasons, Defendants' motion should be GRANTED, and this case should be DISMISSED WITH PREJUDICE.

### BACKGROUND

Plaintiff Isabel Gonzalez claims that he entered into a contractual relationship with the Defendants regarding representation in a criminal case that was pending against the Plaintiff in North Carolina. Specifically, the Plaintiff claims that he entered into negotiations with the Defendants while he was incarcerated in Texas, and that a fee of $10,000 was agreed upon for De La Grana to represent the Plaintiff. The Plaintiff alleges that the Defendant attorney and the law firm breached the contract for representation by failing to provide the agreed upon services and by abandoning the Plaintiff. Plaintiff brings claims for Breach of Contract, Intentional Infliction of Emotional Distress, Legal Malpractice, Negligence and Breach of Fiduciary Duty, Conversion, Fraud and Deceptive Trade Practices, and a Civil RICO violation.

1

## ANALYSIS

### Plaintiff's RICO Claim

All of Gonzalez' claims arise out of state law except for the alleged Civil RICO violation. However, Plaintiff has not alleged sufficient evidence of the existence of a "pattern of racketeering activity." As to the RICO violation, Plaintiff alleges nothing more than a single, uncomplicated episode of wrongdoing in the nature of an act of extortion, and a single act cannot constitute a "pattern." Additionally, even if Plaintiff has met the burden of pleading and has alleged sufficient evidence concerning the existence of a pattern of racketeering activity, he has failed to meet his burden with respect to the other elements required under 18 U.S.C. Section 1962(a), (b), or (c).

A "pattern of racketeering activity," for purposes of the RICO Act, "requires at least two acts of racketeering activity,"[1] and the Supreme Court has observed that "two isolated acts of racketeering activity do not constitute a pattern."[2] Instead, "'[i]t is the factor of continuity plus relationship which combines to produce a pattern.'"[3] The Supreme Court has expanded on the definitions of "continuity" and "relationship." Borrowing from Title X of the Organized Crime Control Act of 1970, the Court has explained that predicate acts are "related" if they "have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise

---

[1] 18 U.S.C. § 1961(5).

[2] Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 496 n. 14 (1985).

[3] Id. (quoting S. Rep. No. 91-617, 91st Cong., 1st Sess. 158 (1969)).

are interrelated by distinguishing characteristics and are not isolated events."[4]  As for continuity, the Court reasoned that

> "Continuity" is both a closed- and open-ended concept, referring either to a closed period of repeated conduct, or to past conduct that by its nature projects into the future with a threat of repetition.[5] It is, in either case, centrally a temporal concept – and particularly so in the RICO context, where what must be continuous, RICO's predicate acts or offenses, and the relationship these predicates must bear to one another, are distinct requirements.  A party alleging a RICO violation may demonstrate continuity over a closed period by proving a series of related predicates extending over a substantial period of time.  Predicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy this requirement....[6]

Plaintiff, in this case, can not prove "continuity" through the actions of the Defendant lawyer and law firm.

Plaintiff additionally has failed to meet the other requirements of Section 1962. Specifically, Gonzalez has failed to allege or show that the alleged "extortion" caused injury to him.  Plaintiff has not alleged that Defendants obtained concessions as a result of the alleged extortion.  It is also well-established that RICO plaintiffs must prove proximate causation in order to recover.[7]  In other words, "[c]ausation principles generally applicable to tort liability must be considered applicable" in RICO cases.[8]

---

[4] H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989) (quoting 18 U.S.C. § 3575(e)).

[5] See Barticheck v. Fidelity Union Bank/First National State, 832 F.2d 36, 39 (3d Cir. 1987).

[6] H.J. Inc., 492 U.S. at 241-42.

[7] See Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992).

[8] Brandenburg v. Seidel, 859 F.2d 1179, 1189 (4th Cir. 1988).

RICO makes it unlawful "to conduct or participate, directly or indirectly, in the conduct of [an] enterprise [that affects interstate commerce] through a pattern of racketeering activity."[9] The "pattern of racketeering activity" element requires that a civil RICO plaintiff establish "at least two acts of racketeering activity."[10] Congress has defined "racketeering activity" to mean the violation of any of the criminal statutes listed in Section 1961(1). Section 1961 requires that a RICO plaintiff establish that a defendant could be convicted for violating any of its predicate statutes.[11] Therefore, in order to survive a motion to dismiss, a plaintiff must allege facts sufficient to support each of the statutory elements for at least two of the pleaded predicate acts. Thus, Plaintiff's RICO claim against the Defendants must fail because it does not allege the required element of scienter for any of the predicate acts alleged in the Complaint. Plaintiff's allegations of scienter can not be "merely conclusory and unsupported by any factual allegations."[12]

Under 18 U.S.C. Section 1951(a), extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."[13] In this case, the Complaint alleges that "De La Grana's extortionate means to secure further funds from the plaintiff and actions in carrying out the

---

[9] 18 U.S.C. § 1962(c).

[10] 18 U.S.C. § 1961(5).

[11] Sedima, S.P.R.L., 473 U.S. at 486-88; 18 U.S.C. § 1961 (defining racketeering activity to include conduct that is "chargeable" or "indictable" and "offenses" that are "punishable" under various criminal statutes).

[12] O'Malley v. O'Neill, 887 F.2d 1557, 1560 (11th Cir. 1989).

[13] 18 U.S.C. § 1951(b)(2).

threats in failing to perform a legally required duty and withdrawing from representation without following established rules and regulations constitute acts in furtherance of a racketeering claim and constitute a pattern of racketeering as defined in Title 18, United States Code, Section 1962 to 1965."[14] However, Defendants actions are not "wrongful" within the meaning of the Act when they threaten to withdraw from representation if legal fees are not paid.

In order to commit extortion, a person's actions must, in some sense, be "wrongful."[15] In *United States v. Enmons*, the Supreme Court interpreted "wrongful," within the meaning of the Hobbs Act, to consist of using a wrongful means to achieve a wrongful objective.[16] To show a wrongful objective, Plaintiff must allege and show that Defendants had no lawful claim to the money they sought.[17] The Complaint alleges that Defendants used extortionate means to secure further funds from Plaintiff. The Complaint does not allege that Defendants actually received the "further funds." The allegations, if true, fail to show that Defendants had no lawful claim to the "further funds." The wrongful-objective element of extortion is therefore not satisfied, and Plaintiff's RICO claim against the Defendants must fail.

### Plaintiff's Remaining Claims

Given the fact that from the face of the pleadings Gonzalez's RICO claim must fail, Plaintiff is left with state court common law claims against the Defendants. This Court,

---

[14] Complaint, ¶ 45. See also Plaintiff's First Amended Complaint, ¶ 59. Plaintiff did not obtain leave of court before filing his First Amended Complaint; nonetheless, his RICO complaint is essentially the same in the Amended Complaint.

[15] See 18 U.S.C. § 1951(a).

[16] United States v. Enmons, 410 U.S. 396, 399-400 (1973).

[17] Id. at 400; United States v. Neal, 570 F.2d 1251, 1258 (5th Cir. 1978).

therefore, lacks jurisdiction over the remaining subject matter, absent this Court's finding that diversity exists under 28 U.S.C. Section 1332(a).

In a typical diversity case, plaintiff files suit in federal court against a diverse party for damages exceeding $75,000. Such a case should be dismissed where it appears to a legal certainty that plaintiff's claim is actually for less that the jurisdictional amount. Here, Gonzalez's complaint alleges in general that Plaintiff entered into a contract[18] with Defendants for legal representation in a federal prosecution and that $10,000 was delivered to De La Grana as payment for said representation. The Complaint alleges that Defendants breached the contract in that they failed to provide the said legal representation, and that as a result Plaintiff suffered actual damages in the amount of $10,000. Additionally, Plaintiff is seeking $250,000 in compensatory damages for emotional distress and mental trauma, and $750,000 in punitive damages. Plaintiff has not stated what, if any, emotional distress and mental trauma he has suffered or what rule of law would entitle him to compensation for emotional distress and mental trauma. Moreover, Plaintiff has not stated what rule of law would entitle him to punitive damages. In Texas, this case falls into the category of a suit for breach of contract, for which the proper redress is a money judgment for actual damages, and for which punitive damages are not authorized.[19] It is apparent in this case, to a legal certainty, that Plaintiff can not recover the amount claimed and that Plaintiff's claim is actually for less than the jurisdictional amount. Due to the fact that the economic loss Plaintiff has alleged is insufficient to establish the statute's

---

[18] Although the Complaint alleges that Plaintiff entered into a contract with Defendants, there is no written contract attached to the Complaint, or anywhere else in the Plaintiff's pleadings.

[19] See Fredonia Broadcast Corp. v. RCA Corp., 481 F.2d 781, 804 (5th Cir. 1973), cert. denied 439 U.S 859 (1973). See also Graham v. Turner, 472 S.W.2d 831, 838 (TEX. APP.--Waco 1971).

$75,000 jurisdictional amount, this Court lacks subject matter jurisdiction and this case should be dismissed. Although Plaintiff may have state court claims against the Defendants, jurisdiction is not proper in federal court.

Furthermore, Plaintiff has filed this suit in the wrong venue. Under 28 U.S.C. Section 1391, plaintiff may file suit in a district where either (1) the defendant resides; (2) where substantial events or omissions occurred giving rise to the cause of action; or (3) where the defendant is subject to personal jurisdiction. Not only has Plaintiff Gonzalez failed to plead any facts which would give rise to venue in this Court, he cannot fulfill the venue requirement with any such evidence. Plaintiff only claims that he entered into an oral contract over the phone while he was being detained in La Villa, Texas. Therefore, venue is not proper in the Brownsville Division of the Southern District of Texas.

## RECOMMENDATION

Plaintiff has no legitimate federal law claims against the Defendants, and possesses monetary claims that fall far short of triggering this Court's diversity jurisdiction; therefore, Defendants' Motion to Dismiss (Doc. # 6) should be GRANTED, and this case should be DISMISSED WITH PREJUDICE.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.[20]

DONE at Brownsville, Texas this 16th day of January, 2003.

*Felix Recio*
Felix Recio
United States Magistrate Judge

---

[20] <u>Douglass v. United States Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ISABEL GONZALEZ,<br>Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. B-02-181 |
| FRANK DE LA GRANA and LAW OFFICES<br>OF FRANK DE LA GRANA,<br>Defendant. | § § § § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Magistrate Judge's Report and Recommendation on the above-referenced cause of action. After a de novo review of the file, the Magistrate Judge's Report and Recommendation is hereby ADOPTED. The Defendants' Motion to Dismiss (Doc. # 6) is hereby GRANTED, and this case is hereby DISMISSED WITH PREJUDICE.

DONE in Brownsville, Texas on this _____ day of _____, 2003.

 

Hilda G. Tagle
United States District Judge