IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

FEB 0 7 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| ISABEL GONZALEZ, § § Plaintiff, § § vs. § § FRANK DE LA GRANA, et. al., § § Defendant(s). § | Civil No. B-02-181 |

### PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, the Plaintiff, ISABEL GONZALEZ, Pro Se, and hereby files this Objections to the Report and Recommendation of the Magistrate Judge. The plaintiff lodges the following objections:

I.

SUMMARY

The magistrate judge initially analyzed the RICO claim and having decided that it should be dismissed, proceeded to hold that the amount in controversy for diversity actions wasn't satisfied by the breach of contract claim. The magistrate errs in many respects. The plaintiff will analyze each in turn but in summary, the plaintiff submits that the magistrage judge erred as follows:

1. Determining the jurisdiction amount after having dismissed the RICO claim. The jurisdiction amount should be determined on the face of the initial complaint before the viability of any defenses or dismissal of claims is considered.

-1-

2. Determining that the only loss the plaintiff suffered was the $10,000.00 paid to the defendants on the contract. The plaintiff also suffered further loss of $10,000.00 when he became indebted to his new attorney for this amount due to the defendant's breach of contract; and

3. Determining the diversity amount solely on the contract claim without considering the other claims presented in the plaintiff's complaint. It is well established that a plaintiff may aggregate his claims to reach the jurisdictional amount. In this case, there exists many claims to which exemplary damages are applicable. Thus, even success on the merits on one such claim would result in restitution of $20,000.00 (the total damages out of pocket) and treble damages which amount to $60,000.00. Even excluding attorney fees and any other claim, such damages amount to $80,000.00, in excess of the jurisdictional amount.

II.

The court erred in determining the jurisdictional amount in controversy after it had reached the merits of the RICO claim and held that it should be dismissed from the complaint. The law is well established that any such determination whether the plaintiff's complaint meets the jurisdictional amount must be made on the face of the complaint before considering the merits of any defenses.

In **Geoffrey E. Macpherson v. Brinecell, Inc.**, 98 F.3d 1241 (10th Cir. 1996), a similar scenario was presented. The plaintiff sued upon two claims; one for a breach of contract and one for

fraud. **Id.** The breach of contract claim standing alone was insufficient to satisfy the diversity jurisdictional amount. In that case, the plaintiff dismissed the fraud claim leaving only the breach of contract claim which was insufficient to satisfy the jurisdictional amount. Nonetheless, the court held that the two claims should have been aggregated from the face of the complaint and determined from the complaint at the time it was filed. The court thus held that the jurisdictional amount was satisfied. **Id.** at 1244-45.

In **Klepper v. First American Bank**, 916 F.2d 337 (6th Cir. 1990), the plaintiff filed a suit seeking $80,000 in compensatory damages, attorney fees of $5,000.00 and punitive damages of $500,00.00. **Id.** at **340.** The district court dismissed the claims for compensatory and punitive damages finding that the claims were barred by recovery in an arbitration proceeding and thereafter, determined that it lacked jurisdiction over the only aspect of the suit still left, the claim for $5000.00 in attorney fees. **Id.** The Sixth Circuit reversed. The court held that in a federal diversity action, the court should consider the amount alleged in the complaint and that this analysis must be at the time the complaint is filed. **Id.** The court further stated that jurisdiction cannot be destroyed by a later change in events, even in cases where part of the claims are dismissed on summary judgment. **Id.**

Likewise, in this case, the magistrage judge erred in dismissing the RICO claims and thereafter, determining that jurisdiction didn't exist. The jurisdictional question should be

decided before considering the effect the dismissal of any claims has on the amount in controversy.

### III.

The magistrate judge also erred in determininng that the plaintiff only suffered a loss of $10,000.00. The plaintiff's total financial loss was $20,000.00. The plaintiff paid the defendant $10,000.00 for legal services and upon his breach, incurred another $10,000.00 in legal fees which he still owes. **See** **Exhibit A.** Thus, the total loss from the breach is $20,000.00. The defendant is liable for the damages arising from the breach.

### IV.

The magistrae also erred in failing to aggregate the damages claimed from the other claims in the complaint.

The plaintiff has made an allegation of fraud in the conduct of the defendant in securing the contract for legal services. Plaintiff has alleged that the defendant promised to provide legal services for a fee of $10,000.00. This fee contemplated services throughout the trial process and no other fees were to be charged. However, the defendant had no intention of working for this fee and only agreed to this fee in order to induce plaintiff into a contract whereby the defendant can demand further fees at a later time. The plaintiff claims that at a minimum, the allegations of fraud would result in actual damages of $20,000.00, the amount of loss and intended fraud, in addition to exemplary damages.

In **Fredonia Broadcasting Corp., Inc. v. RCA Corporation**, 481

F.2d 781 (5th Cir. 1973), the Fifth Circuit addressed a case premised on a similar theory as here. There, the plaintiff alleged that the defendant committed fraud in order to lead the plaintiff into the contract. The plaintiff sued on both the breach of contract and the related fraud. The Fifth Circuit stated that:

> It is the law that one who has been fraudulently induced into a contract may elect to stand by that contract and sue for damages for the fraud. When this happens and the defrauding party also refused to perform the contract as it stands, he commits a second wrong, and a separate and distinct cause of action arises for the breach of contract.. Thus an action on a contract induced by fraud is not inconsistent with an action for damages for the deceit. A right of action on a contract and for fraud in inducing plainntiff to enter into such contract may exist at the same time, and recovery on one of the causes will not bar a subsequent action on the other.

Id. at 790-91. Under Texas law, a claim for fraud provides for punitive damages. See Tex. Civ. Prac. & Rem. Code § 41.003(a).

The magistrate judge did not consider this fraud claim in recommending that the jurisdictional amount was not met. Under prevailing Fifth Circuit law, there is no legal certainty that the plaintiff cannot recover on this claim. Thus, the complaint, which makes a claim under this theory, sufficiently alleges a jurisdictional amount in excess of $75,000.00. See e.g. **Packard v. Provident Nat'l Bank**, 994 F.2d 1039 (punitive damages are considered in determining amount in controversy).

Plaintiff has also claimed damages for emotional distress and exemplary damages resulting thereof. Texas law provides for such exemplary damages under this claim. The magistrate also failed to consider this claim when making its recommendation.

## V.

## FACTUAL DISCREPANCIES

The plaintiff objects to the magistrate's conclusion that the defendant's actions were not wrongful in threatening to withdraw "if legal fees were not paid". **See Report of Magistrate at 5.** This conclusion is in error. The plaintiff has alleged in his complaint and avers in the attached affidavit that the total amount of fees agreed upon in the contract was $10,000.00 and that no further fees were contemplated. Thus, the defendant had no right to withdraw -- especially withdrawal without informing any party including the court. The facts are that the defendant simply failed to show up at the scheduled court hearing. **Exhibit B.**

The plaintiff further submits that if the magistrate judge is correct that further fees were required, then the magistrate judge has demonstrably erred in holding that the value of the contract was only $10,000.00. This court should hold a hearing to determine the value of contract.

The magistrate also states that the allegations fail to state that the defendants had no lawful claims to the further funds. Magistrate's Report at 5. Plaintiff objects to this conclusion. Plaintiff directs this court to paragraph 44 of the complaint which explicitly states that the defendant's demands for further funds was illegal. Under the <u>Haines</u> rule, such an allegation is sufficient to allege that the defendants had no lawful (illegal) claim to the funds. **See Complaint at Paragraph 17** (stating that the contract was for only $10,000 and no further fee).

-6-

The plaintiff has further alleged a claim of action for violation of the Deceptive Trade Practices Act. the DTPA permits recover to be made for the loss sustained as well as punitive damages. See Fairmont Travel, Inc. v. George S. May Intern. Co., 75 F.Supp.2d 666 (S.D.Tx. 1999).

Plaintiff submits that the further damages claimed from the remaining claims in the complaint all evidence that the face of the complaint satisfies the diversity jurisdictional amount.

The plaintiff finally submits that the magistrate judge should have considered the aggregate value of all these claims. The judge erred in singling out two claims, dismissing one of them (RICO) and them holding that the remaining claim failed to satisfy the jurisdictional amount in controversy. As the Fifth Circuit stated in RCA Corp., supra, the claims are distinct and separate and they can proceed independently. The complaint, on its face, certainly satisfies the jurisdictional amount.

---

1 / The plaintiff submits that computation of damages just on the DTPA, fraud, and contract satisfy the jurisdictional amount, even if considering the value of the contract at $10,000.00 and not the $20,000. the value of plaintiff's ultimate loss, when factoring in punitive damages which are awardable under th DTPA and Fraud claims:

| | | |
|---|---|---|
| $10,000.00 | Breach of Contract | $20,000.00 |
| 10,000.00 | DTPA Claim | $20,000.00 |
| 30,000.00 | DTPA Punitive | 60,000.00 |
| 10,000.00 | Fraud | 20,000.00 |
| 30,000.00 | Fraud Punitive | 60,000.00 |
| $90,000.00 | | $180,000.00 |

## VI.

## CIVIL RICO CLAIMS

The plaintiff objects to the magistrate's conclusion that the civil RICO claim should be dismissed.

Initially, the magistrate states that a pattern of racketeering has not been established. The complaint shows multiple actions which constitute a pattern of racketeering. The acts complained of include the fraud in the inducement of the contract, the multiple acts of extortion in threatening the plaintiff with wrongful actions such as threats to withdraw and provide inadequate representation, the fulfillment of the threats, and conversion and theft of the plaitniff's principal sum. The acts are definitely more than two and are all directed to wards a common illegal goal.

Plaintiff also objects to the conclusion that injury has not been shown. In fact, the plaintiff suffered actual property loss of $10,000.00, a lost of property sufficient to show injury under the RICO statute. The plaintiff also submits that his injury was a direct result of the defendants' actions. **See Complaint at ¶48.**

The plaintiff objects to the magistrate's recommendation that the acts of extortion were not wrongful. The plaintiff has alleged in his complaint that the acts were wrongful, were done without any legal or ethical right, and that the plaintiff did not owe the defendant the sum demanded. **See Complaint at ¶¶ 32-35, 38-39, 44, 47;** see also Exhibit B.

## VII.

## VENUE

The plaintiff objects to the magistrate's statement that the venue improper. First, under the Civil RICO statute, it permits nationwide exercise of venue in any district where the person transacts his business. **See 18 U.S.C. § 1965(a).** In this case, the defendants transacted business in the State of Texas. The defendants negotiated and entered into a contractual relationship in Texas. The defendants also travelled to Texas to meet with plaintiff and performed representation and services in the courts of Texas and with the prosecuting attorney in Texas. **See Complaint at ¶¶ 13-22.** The defendants have undertaken significant activity in Texas.

Secondly, the magistrate judge completely ignores paragraphs 13-22 of the complaint in claiming that "Plaintiff only claims that he entered into an oral contract over the phone while he was being detained in La Villa, Texas." See Magistrate's Report at 7. In fact, the plaintiff claims in paragraph 13 and 14 that a contract was negotiated from Texas; in paragraph 18 that he made arrangements from Texas to send the money to defendants; in paragraph 19 that defendant travelled to Texas to perform contractual services, and in paragraph 22 that defendant participated in court proceedings in Texas. Clearly, a significant number of acts occurred in Texas which includes the complete performance of the contract from the plaintiff's perspective (paying his $10,000.00 consideration) in Texas.

Additionally, this court has personal jurisdiction over the defendant and therefore, venue jurisdiction. **See 28 U.S.C. § 1391.**

-9-

Texas law provides for the broadest possible construct of its long-arm statute, subject only to basic constitutional requirements. The statute also defines the act of "doing business" to mean entering into a contract by mail or otherwise to be performed in whole or in party by either party in the State of Texas. In this case, the contract was entered into by the parties over the phone from Texas. The performance of the contract by the plaintiff was to occur in the State of Texas--procurring the fees. The defendant also provided performance under the contract in Texas--travel to Texas, visiting with the plaintiff, and meetings with the Texas prosecuting authorities, and representation of plaintiff in Texas. Under the Texas long arm statute, such contacts of the defendants were meaningful and purposeful such that he received the benefit of the protection of Texas laws and now, cannot be said to complain of Texas law's exercise of personal jurisdiction over him. The contacts were also relevant to the instant cause of action. Thus, Texas law permits the exercise of personal jurisdiction and under § 1391, venue is therefore proper.

## VIII.

### STANDARDS

The plaintiff further objects to the heightened standard which the magistrate apparently is subjecting the complaint to. The instant Rule 12(b) motion filed by the defendants requires that the plaintiff's allegations in the complaint be accepted as true. The magistrate finds fault with the allegations and makes factual conclusions contrary to the allegations in the complaint. The magistrate further requires the plaintiff to prove his allegations at this stage of the proceedings, a standard inconsistent with Rule

12.

## CONCLUSION

In light of the above objections, the plaintff respectfully prays that this court reject the magistrate's report and recommendations. Plaintiff requests that this court take as true his factual allegations in the complaint, the proper standard under Rule 12, take into account the rule of construing his pro se pleadings liberally, and aggregate the claims in establishing diversity jurisdiction.[2]

**WHEREFORE,** above premises considered, the Plaintiff respectfully prays that this court deny the magistrate's report and recommendation.

Respectfully submitted on this the 31 day of January, 2003.

_____
Isabel Gonzalez
Reg. No. 94143-079
P.O. Box 26040
Beaumont, TX 77720

## CERTIFICATE OF SERVICE

I do hereby certify that I have mailed a true and correct copy of the foregoing to the following party by first class mail, postage prepaid, on this the 31 day of January, 2003:

Robert Herce, Esq.
Herce & Herce, P.A.
1710 East 7th Avenue
Tampa, FL 33605

_____
Isabel Gonzalez

---

[2] / The references to the paragraphs of the complaint herein refer to the paragraphs of the First Amended Civil Complaint. Moreover, if venue is improper, the plaintiff requets that the case be transferred to the proper venue.