United States Court of Appeals
Fifth Circuit
**F I L E D**
November 18, 2003
Charles R. Fulbruge III
Clerk

United States District Court
Southern District of Texas
FILED
DEC 12 2003
Michael N. Milby
Clerk of Court

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40403
Summary Calendar

ISABEL GONZALEZ,

    Plaintiff-Appellant,

versus

FRANK DE LA GRANA, and Law Offices of Frank De La Grana,

    Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-02-CV-181

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Isabel Gonzalez, federal prisoner #94143-079, appeals from the dismissal with prejudice of his civil action. Gonzalez's federal-law claim under the Racketeer Influenced and Corrupt Organizations Act (RICO) was dismissed for failure to state a claim on which relief may be granted, pursuant to FED. R. CIV. P. 12(b)(6), and his state-law claims were dismissed for lack of subject-matter jurisdiction because the amount in controversy was less than

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

$75,000.¹  Gonzalez contends that the district court erred by dismissing his RICO claim for failure to state a claim on which relief may be granted; that the district court erred by dismissing his state-law claims for lack of subject-matter jurisdiction; and that the district court erred by dismissing his state-law claims with prejudice instead of dismissing them without prejudice.

The district court did not err by dismissing Gonzalez's RICO claim for failure to state a claim. Gonzalez's factual allegations did not give rise to any of the offenses listed as predicate acts upon which a pattern of racketeering activity could be based.² Therefore, dismissal was proper.³

The dismissal of Gonzalez's state-law claims for lack of subject-matter jurisdiction was not erroneous, as the actual amount in controversy was less than $75,000.⁴  First, because Gonzalez's civil RICO claim failed on its face to state a claim upon which relief could be granted, the district court need not have added the amount requested in conjunction with that claim to the amounts requested in the state-law claims to determine the amount in controversy.⁵

---

¹ *See* 28 U.S.C. § 1332(a).

² *See* 18 U.S.C. § 1961(1).

³ *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 160 (5th Cir. 1995).

⁴ 28 U.S.C. § 1332(a).

⁵ *Burns v. Anderson*, 502 F.2d 970, 971-72 (5th Cir. 1974).

Second, Gonzalez's state-law tort claims were claims of attorney malpractice under Texas law.[6] Gonzalez has failed to have his North Carolina federal conviction overturned; he thus may not pursue any state-law tort claims against the defendants.[7] The amounts sought in conjunction with the state-law tort claims need not have been considered when determining the amount in controversy.

Third, Gonzalez may not obtain punitive damages for breach of contract.[8] Gonzalez alleged that he paid defendant de la Grana $10,000 to retain him, and the record from Gonzalez's North Carolina criminal case indicated that he paid his attorney there $2,000. Gonzalez cannot recover $75,000 in damages. The district court did not err by dismissing the state-law claims for lack of diversity jurisdiction because Gonzalez failed to satisfy the minimum jurisdictional amount.[9]

Finally, the district court erred by dismissing Gonzalez's state-law claims with prejudice. Because the dismissal of those claims was jurisdictional in nature, we modify the judgment as to

---

[6] See *Rodriguez v. Klein*, 960 S.W.2d 179, 184 (Tex. Ct. App. 1997).

[7] See *Peeler v. Hughes & Luce*, 909 S.W.2d 494, 497-98 (Tex. 1995).

[8] *Manges v. Guerra*, 673 S.W.2d 180, 184 (Tex. 1984).

[9] See 28 U.S.C. § 1332(a).

Gonzalez's state-law claims only to operate without prejudice.[10] The district court did not err by dismissing Gonzalez's civil RICO claim with prejudice.

AFFIRMED AS MODIFIED.

---

[10] FED. R. CIV. P. 41(b).